UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Eric Flores, ) | |
| ) | C/A No. 6:15-cv-01547-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| United States Attorney General; Federal ) | |
| Bureau of Investigation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before this Court for review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, and filed on April 16, 2015. ECF No. 10. For the reasons discussed herein, this Court adopts the magistrate judge's recommendation in its entirety.

## Background

Defendant Eric Flores ("Defendant"), proceeding *pro se* and *in forma pauperis*, filed this civil action on April 8, 2014, seeking, among other things, a finding that his constitutional rights have been violated. ECF Nos. 1, 3 & 9. Under established procedure in this judicial district, Magistrate Judge Austin made a careful review of the *pro se* complaint and now recommends that this Court dismiss Plaintiff's case against Defendants as frivolous and without issuance and service of process. ECF No. 10. The Report and Recommendation was mailed to Defendant on April 16, 2014, and was returned to this Court as undeliverable on May 26, 2015. ECF Nos. 11 & 13. The Report and Recommendation was re-mailed to Defendant at a different

address on May 27, 2015.  ECF No. 14.  No objections to the magistrate's Report and Recommendation were filed.

## Standard of Review

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  However, a district court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

The magistrate judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71

(1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The deadline for filing objections in this case was June 15, 2015. ECF No. 15. The Defendant did not file any objections to Magistrate Judge Austin's Report and Recommendation. Accordingly, no objections need to be addressed.

## Conclusion

After a thorough review of the record, this Court finds no clear error and that the magistrate judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Defendant's action is DISMISSED as frivolous and without issuance and service of process. Additionally, Plaintiff's attention is directed to the Warning of Potential Future Sanctions in the Magistrate's Report and Recommendation.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  7 , 2015
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.